## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| CAROLYN J. CHERNUTAN,       ) | |
|                      ) | |
|      **Plaintiff,**       ) | |
|                      ) | |
| **v.**                   ) | **Civil Action No. 5:15-11539** |
|                      ) | |
| **MICHAEL ANDERSON,** *et al.*,     ) | |
|                      ) | |
|      **Defendant.**      ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Plaintiff's Application to Proceed *in Forma Pauperis* and "Ex Parte Motion for Temporary Injunction and Restraining Order Against Michael Anderson and Kelli Anderson," filed on July 27, 2015. (Document Nos. 1 and 3.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined the Complaint, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

### FACTUAL BACKGROUND

On July 27, 2015, Plaintiff, acting *pro se*, filed her Complaint naming the following as Defendants: (1) Michael Anderson; and (2) Kelli Anderson. (Document No. 2.) In her Complaint,

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff alleges that Defendants are responsible for damage to her rental property, violations of the lease agreement, and for the non-payment of rent. (Id.) Specifically, Plaintiff states as follows:

> Destruction of rental property, multiple violations of lease agreement, and non-payment of rent. Both tenants/parties in the lease are responsible for damages of 410 Bluestone Road, Beckley, WV. Lease from April 2, 2012, to April 12, 2014. Date of move, May 2, 2014, from 30 day eviction. Libel/Sander/Defamation of Character; Intentional Infliction of Emotional Distress; and violating my civil rights.

(Id., p. 4.) As relief, Plaintiff requests that she be "reimbursed for (1) All damages to 410 Bluestone Road Rental Property by the defendants; (2) Wages of employees for (a) labor, (b) clean up, (c) materials, (d) supplies, and (e) rental equipment; (3) Replacement of shrubs deliberately cut down without authority; (4) All back rent and late fees; and (5) Relief from harassment." (Id., p. 5.) Also on July 27, 2015, Plaintiff filed an "Ex Parte Motion for Temporary Injunction and Restraining Order Against Michael Anderson and Kelli Anderson." (Document No. 3.) Specifically, Plaintiff requests that the Court "freeze all the assets of Michael Anderson and Kelli Anderson" and enter a "restraining order against Michael Anderson and Kelli Anderson from coming within 500 feet of Plaintiff, her properties, vehicles, and/or with audible speech or sounds, gestures or signs." (Id.)

## THE STANDARD

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the documents comprising her Complaint are subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708 at *2 (D.Md.), aff'd, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## DISCUSSION

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that

"[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[2]

In the instant matter, Plaintiff does not allege the basis for the District Court's jurisdiction. Rule 8(a) of the Federal Rules of Civil Procedures provides that a Plaintiff must plead "a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ. P. 8(a)(1); also see Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the federal court"), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Construing Plaintiff's Complaint liberally, the undersigned will consider whether Plaintiff is alleging Section 1331 or 1332 as a basis for the Court's jurisdiction. First, the undersigned finds that Plaintiff's Complaint does not involve any question of "federal law" as to invoke jurisdiction under Section 1331. Plaintiff does not allege a

---

[2] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different states;

(2) citizens of a State and citizens or subjects of a foreign state . . .;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

violation of a federal statute or constitutional provisions. Plaintiff appears to be asserting claims based upon a landlord/tenant dispute. Next, the Court finds that the District Court does not have diversity jurisdiction pursuant to Section 1332. Plaintiff indicates in her Complaint that all parties are citizens of West Virginia. (Document No. 2, pp. 1, 3 - 4.) Accordingly, Plaintiff and Defendant are not "citizens of different states." Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction, and Plaintiff's Complaint should be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 1), **DENY** Plaintiff's "Ex Parte Motion for Temporary Injunction and Restraining Order Against Michael Anderson and Kelli Anderson" (Document No. 3), **DISMISS** Plaintiff's Complaint (Document No. 2) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 16, 2015.

R. Clarke VanDervort
United States Magistrate Judge