IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CAROLYN J. CHERNUTAN,

        Plaintiff,

v.                                CIVIL ACTION NO.   5:15-cv-11539

MICHAEL ANDERSON and
KELLI ANDERSON,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the pro-se Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Document 1), her *Complaint* (Document 2), and her *Ex Parte Motion for Temporary Injunction and Restraining Order* (Document 3).  By *Standing Order* (Document 4) entered on July 27, 2015, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  The Court has reviewed the Magistrate Judge's *Proposed Findings and Recommendation* (Document 5), submitted on September 16, 2015, as well as Plaintiff's timely filed *Objection to Proposed Findings and Recommendation and Request for Jury Trial as Guaranteed by the 7th Amendment of the US Constitution* (Document 6) and attached exhibits.  In addition, the Court has reviewed a letter from the Plaintiff to the Defendants, which was filed on the same date as her objections. (Aug. 24 Letter) (Document 7.)

Following careful consideration, for the reasons stated herein, the Court finds that the Magistrate Judge's PF&R should be adopted and the Plaintiff's complaint should be dismissed.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Carolyn J. Chernutan initiated this action with a *Complaint* filed on July 27, 2015. On the same date, she filed her application to proceed *in forma pauperis* and her motion for a temporary injunction and restraining order. The Plaintiff named as Defendants Kelli Anderson and Michael Anderson, former tenants in a home the Plaintiff owns and operates as a rental property.

The Plaintiff alleges that the Defendants damaged the rental property and violated the lease agreement. She alleges that the Defendants signed a lease to rent the property from April 2, 2012 until April 1, 2014, and moved out on May 2, 2014, following eviction. She further alleges "Libel/Slander/Defamation of Character. Intentional Infliction of Emotional Distress. Violating my Civil Rights." (Compl. at 4.) The Plaintiff seeks monetary relief for the alleged damages, for the cleanup and correction of the damages, and for back rent and fees, as well as relief from harassment.

Magistrate Judge VanDervort filed his PF&R on September 16, 2015, finding that the complaint should be dismissed at the pre-service screening stage for lack of federal jurisdiction. The Plaintiff filed her objections on September 29, 2015.

**APPLICABLE LAW**

*A. Standard of Review*

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the PF&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct

2

the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that the Plaintiff is acting *pro se*, and her pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976; *Loe v. Armistead,* 582 F.2d 1291, 1295 (4th Cir. 1978).

    *B. Jurisdiction*

Federal courts are courts of limited jurisdiction. Generally, federal jurisdiction is present when the case involves a federal question, pursuant to 28 U.S.C. § 1331, or when the parties to the case are diverse, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction provides jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Diversity jurisdiction generally requires that no plaintiff be a citizen of the same state as any defendant and that the amount in controversy be over $75,000. 28 U.S.C. § 1332(a)(1); *Cent. W.Va. Energy Co. v. Mt. St. Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (establishing that, except for certain class actions, Section 1332 requires complete diversity among parties).

## DISCUSSION

Magistrate Judge VanDervort recommends that this Court deny the Plaintiff's application to proceed *in Forma Pauperis*, deny her motion for a temporary injunction and restraining order, and dismiss her complaint. He notes that the Plaintiff's claims appear to be "based upon a landlord/tenant dispute," and not any federal or constitutional provision. Further, he found that

3

the Plaintiff indicated that both she and the Defendants are citizens of West Virginia, precluding diversity jurisdiction. Thus, Judge VanDervort found that the Court lacks jurisdiction and must dismiss this case.

The Plaintiff's objections focus on the perceived strength of her case, rather than the jurisdictional issue that led the Magistrate Judge to recommend dismissal. She cites the standard for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), and requests time to amend her complaint "to correct the alleged flaws" if necessary. (Obj. at 2.)

In light of the Plaintiff's pro-se status, the Court has considered the allegations contained in the complaint, the additional information in her objections, and the more detailed description of the Defendants' alleged damage to her property and harassment. In the letter, she describes an incident in which the Defendants yelled at her from the end of her driveway, stating that the incident constituted intentional infliction of emotional distress, libel, and slander. She states: "All the foregoing has violated my Federal Civil Rights." (Aug. 24 Letter, at 2.) She further contends that "trespassing on private property (mailbox, etc.) including anyone acting on your behalf is punishable by $250,000 in fines and/or Federal Imprisonment of five (5) years each access violation." (*Id.*) The letter goes on to itemize damages, including the necessity for cleaning rooms, repairing nail holes, scrapes on the wall, water damage, and cutting back shrubs. The Plaintiff calculated the direct damage and remediation cost at $9,779.07, and included claims of $5,000,000.00 for libel, slander, and defamation of character, and $2,000,000.00 for intentional infliction of emotional distress. (*Id.* at 6–7.)

As the Magistrate Judge found, the addresses on the complaint indicate that all parties reside in West Virginia. The Court, therefore, cannot exercise diversity jurisdiction pursuant to

4

28 U.S.C. § 1332.  Although the Plaintiff briefly contends that the Defendants' actions violated her federal civil rights, she has asserted no facts to support any civil claim under federal law. Landlord/tenant disputes are matters of state law, as are tort claims for property damage, libel, slander, defamation of character, and intentional infliction of emotional distress.   Thus, this Court cannot exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Accordingly, the Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

WHEREFORE, following thorough review and careful consideration, the Court **ORDERS** that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 5) be **ADOPTED**, and that the Plaintiff's *Objection to Proposed Finding and Recommendation and Request for Jury Trial as Guaranteed by the 7th Amendment of the US Constitution* (Document 6) be **OVERRULED**.  The Court further **ORDERS** that the Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Document 1) be **DENIED**, that her *Ex Parte Motion for Temporary Injunction and Restraining Order* (Document 3) be **DENIED**, and that her *Complaint* (Document 2) be **DISMISSED.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Honorable Omar Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER:     January 4, 2016

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA